IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | INDICTMENT |
| Plaintiff, | ) | |
| v. | ) | CASE NO. 5:19 CR 782 |
| ANDREW K. ECKLUND | ) | Title 18, Sections 1343 and 2, United States Code |
| Defendant. | ) | JUDGE BARKER |

## GENERAL ALLEGATIONS

The Grand Jury charges:

1. Defendant ANDREW K. ECKLUND was a laboratory analyst and employed by LAB COMPANY 1 in the Northern District of Ohio, Eastern Division.

### Testing of Environmental Samples

2. Nearly all environmental statutes administered by the United States Environmental Protection Agency ("U.S. EPA") had provisions which call for the testing of environmental samples. The testing was necessary to determine if the sample was hazardous to human health or the environment.

*Testing Methodologies*

3. To ensure that environmental samples were safely, accurately, and consistently tested, U.S. EPA published test methods. These methods were peer-reviewed, including Methods 625 and 8270C. Both Methods 625 and 8270C were used to determine the presence and concentration of hazardous substances in samples.

*Quality Control Measures*

4. Quality control was one of the most important aspects of sample analysis. It ensured both the precision and accuracy of the test results. If quality control was not passed, then the sample was required to be tested again, after the testing equipment was repaired.

5. Both Methods 625 and 8270C included numerous quality control measures. In fact, the methodologies shared several quality control measures, including tuning and calibration.

Company 1

6. LAB COMPANY 1 operated an environmental testing laboratory in Northeastern Ohio.

7. LAB COMPANY 1 analyzed environmental samples for companies and government agencies from across the United States. These companies or government agencies paid LAB COMPANY 1 for the analysis of the environmental samples.

8. After LAB COMPANY 1 analyzed the environmental samples, an Analysis Report was sent to the customers, often by email.

9. In addition to the sample results, every Analysis Report included a list of the testing methodology used to test the sample, for example, Method 625 or Method 8207C.

10. Each Analysis Report identified the laboratory analyst who did the analysis. Also, there was a section of the Analysis Report which described any deviations from the testing methodology, including the quality control measures.

11. As a laboratory analyst at LAB COMPANY 1, Defendant was responsible for testing environmental samples for the presence and concentration of hazardous substances using Methods 625 and 8270C.

## COUNTS 1 – 9
(Wire Fraud, 18 U.S.C. § 1343)

The Grand Jury further charges:

12. Paragraphs 1 through 11 of the Indictment are re-alleged and incorporated by reference as if fully set forth herein.

### The Scheme to Defraud

13. From on or about January 3, 2012 through on or about July 25, 2015, Defendant ANDREW K. ECKLUND devised and intended to devise a scheme and artifice to defraud and to obtain money by means of false and fraudulent pretenses and representations.

14. It was part of the scheme that:

   a. On numerous occasions between on or about January 3, 2012, and on or about July 25, 2015, when conducting quality control, Defendant took steps to make it look like the quality control was passed, including failing to make necessary repairs to the equipment. Defendant's actions were done without regard for the accuracy or validity of the testing he performed.

   b. Because Defendant disguised invalid tests, making them look valid, he was able to complete more analysis than would have been possible if he had properly repaired testing equipment as required.

   c. Contrary to Methods 625 and 8270C, Defendant did not document the steps he took to make it appear that quality control had passed.

   d. Because Defendant did not disclose the steps he took to make the samples appear to pass quality control, LAB COMPANY 1 transmitted the Analysis Report to the customer, often by email, without noting the failed quality control or Defendant's associated steps.

3

## Use of Wires

15. On or about the dates listed below, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendant, for the purpose of executing the scheme and artifice to defraud described above, caused to be transmitted, by means of wire communications in interstate commerce, writings, signs, signals, pictures and sounds, from LAB COMPANY 1 located in the Northern District of Ohio, Eastern Division, to victim companies and agencies, as set forth in the table below:

*Emails*

| Count | Date | Email to: | Location of Victim |
|---|---|---|---|
| 1 | December 18, 2014 | Victim Company 1 | Orlando, Florida |
| 2 | December 22, 2014 | Victim Company 2 | Anoka, Minnesota |
| 3 | December 26, 2014 | Victim Company 3 | Chambersburg, Pennsylvania |
| 4 | December 30, 2014 | Victim Company 4 | Kittanning, Pennsylvania |
| 5 | January 21, 2015 | Victim Company 5 | Sewickley, Pennsylvania |
| 6 | January 21, 2015 | Victim Agency 1 | Cumberland, Maryland |
| 7 | January 26, 2015 | Victim Company 5 | Sewickley, Pennsylvania |
| 8 | February 6, 2015 | Victim Company 6 | Kansas City, Missouri |
| 9 | February 25, 2015 | Victim Company 3 | Chambersburg, Pennsylvania |

All in violation of Title 18, United States Code, Section 1343 and 2.

A TRUE BILL.

Original document – Signatures on file with the Clerk of Courts, pursuant to the E-Government Act of 2002.